UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**VALERIE CIRONE,**

       **Plaintiff,**

v.                                                        **Case No: 6:23-cv-1211-RBD-DCI**

**AIRBORNE SYSTEMS, INC.,**

       **Defendant.**

## ORDER

This cause comes before the Court for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **Joint Motion for Approval of FLSA Settlement and Dismissal of Action With Prejudice (Doc. 11)** |
| **FILED:** | **August 29, 2023** |
| **THEREON** it is **ORDERED** that the motion is **DENIED without prejudice**. | |

Plaintiff brought this action against Defendant for unpaid overtime wages in violation of the Fair Labor Standards Act (FLSA). Doc. 7. The parties have filed a Joint Motion for Approval of FLSA Settlement and Dismissal of Action With Prejudice. Doc. 11 (the Motion). The parties engaged in settlement negotiations, reached a settlement, and seek approval of the settlement agreement. *Id.* (the Agreement).

In *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1352-53 (11th Cir. 1982), the Eleventh Circuit addressed the means by which an FLSA settlement may become final and enforceable:

>There are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them. . . . The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer and under section 216(b) to recover back wages for FLSA violations. When employees bring a private action or back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness.

Since the parties have submitted a motion, the Court must scrutinize the attached Agreement to determine if it is a fair and reasonable resolution of a bona fide dispute. *See id*. at 1354-55. The Court may approve the settlement if it reflects a reasonable compromise of the FLSA claims that are actually in dispute. *See Lynn's Food Stores*, 679 F.2d at 1354. Even in cases in which the parties represent that there has been no compromise of the wage claim, courts must review the settlement agreement to ensure that there are no terms in the agreement that constitute a compromise and, if there are, whether the agreement is reasonable.

Here, the parties repeatedly assert in the Motion that Plaintiff is receiving "full recovery" and that the settlement represents "a **_100% uncompromised recover_**." Doc. 11 at 2 (emphasis in original). The Court is not so sure. Indeed, Plaintiff is entitled to her wages and damages under the law, and a full, uncompromised recovery means the recovery of her wages without the necessity of giving up other things of value in a settlement agreement to obtain those wages and any liquidated damages she is due under the law.

Here, the Agreement includes an overly broad release. Doc. 11-1. The presence of a general release is typically found not to affect the fairness and reasonableness of a FLSA settlement *if* the plaintiff is provided separate consideration for the general release. *See Roman v. FSC Clearwater, LLC*, 2017 WL 1653571, at *3 (M.D. Fla. Apr. 21, 2017) (approving a settlement agreement providing $100.00 as separate consideration for a general release) *report and*

*recommendation adopted*, 2017 WL 1552304 (M.D. Fla. May 1, 2017); *Middleton v. Sonic Brands L.L.C.*, 2013 WL 4854767, at *3 (M.D. Fla. Sept. 10, 2013) (same).

The release is not limited to wage claims, but applies to "any other causes of actions or claims available to [Plaintiff], whether known or unknown at the time of signing this release, and related to the hiring, employment, and separation of employment with [Defendants] in any forum as of the date of execution of this Agreement, including any claims brought under . . . contract, tort, or any federal, state, or common law." Doc. 11-1 at 2-3. The parties make no mention of this release nor provide citation to authority or analysis on this issue.

While there is a strong presumption in favor of settlement, the release contained within the Agreement calls into question the fairness and reasonableness of the settlement, and the does not address this issue.

Based on the foregoing, the Motion (Doc. 11) is **DENIED without prejudice**.

**ORDERED** in Orlando, Florida on September 12, 2023.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE